**DOWELL, INCORPORATED, et al.,**
**Appellants,**

v.

**J. B. LYONS et al., Appellees.**

**No. 13525.**

United States Court of Appeals
Sixth Circuit.

April 9, 1959.

H. R. Wilhoit, Grayson, Ky., James H. Hanes, Tulsa, Okl., for appellant.

J. W. McKenzie, Ashland, Ky., Virgil Redwine, Sandy Hook, Ky., Eldon L. Webb, Ashland, Ky., for appellee.

Before MARTIN, Chief Judge, MILLER, Circuit Judge, and GOURLEY, District Judge.

GOURLEY, District Judge.

This is a Petition for Rehearing in which it is claimed the judgment of the District Court, which was affirmed by Order entered on the 11th day of December, 1958, was clearly erroneous and not in harmony with the opinion of this court on the former appeal. Dowell, Inc., v. Lyons, 6 Cir., 238 F.2d 633.

The action originally tried with jury was reversed by this court for error in the instructions submitted by the trial judge to the jury on two propositions of law.[1]

A general reference is made to the facts in order that a clear understanding will exist as to the basis for the conclusion reached by the court.

Appellants were engaged in the business of petrofracturing oil wells which is a scientific means of increasing the flow of oil. Two methods were known to science: (1) the tubing and packer method and (2) the casing method.

When the first method proved unsuccessful it was agreed the second or casing method would be used. In preparing for the second method, equipment required by appellants was not available and request was made to appellees to secure said equipment, which was done. In

---

1. a. Instruction which permitted jury to speculate as to cause of equipment fracturing when sufficient proof was not offered by appellees to meet requirements of law.

b. Instruction which placed a higher degree of care on appellants to determine that equipment which fractured was adequate and safe for intended use.

the performance of the work the piece of equipment furnished ruptured which caused a stream of oil to spurt on the engine of a truck, with the hood raised, being used by appellants in their work. This resulted in an explosion or accident which gives rise to the cause of action in appeal.

Our previous decision on appeal enumerated rules of law for the guidance of the District Court:

(1) That it would be negligence on the part of appellees if ordinary and reasonable care were not applied by them in selecting and making available to appellants the equipment which fractured.

(2) That it would be negligence on the part of appellants if they failed to exercise ordinary and reasonable care in the performance of the operation for appellees.

(3) That appellants were bound to a standard of conduct in the performance of the work which was commensurate with the special knowledge acquired from their experiences as petrofracturers.

(4) That appellees were also bound to a standard of conduct consistent with their experiences as oil well producers.

(5) That both appellants and appellees were charged with the same skill and knowledge concerning the adequacy and safety of the appliance used and which fractured.

After remand the case was tried by a judge without jury and judgment was entered in favor of appellees.

A most careful and meticulous review of the record shows substantial evidence to support the conclusion that the negligence of appellants was the proximate cause of the accident and that appellees were free of contributory negligence.[2]

The Petition for Rehearing is denied. The Findings of Fact and Conclusions of, Law of the District Court are not inconsistent or in conflict with the previous opinion of this court on former appeal, and are not clearly erroneous.

2. a. The finding that the engine on one of the trucks of appellants used to supply the pressure was defective. That this was known and that it overheated when running.

b. That it was necessary to keep the engine of this truck cool and to keep the hood raised and the hood of the truck was raised at the time it was pumping the mixture into the well. The truck was within 40 feet of the mouth of the well and could easily be covered with oil spurting from the well.

c. That the overheated engine ignited the crude oil squirted from the ruptured nipple and caused the damage.

d. That the appellants were guilty of negligence in failing to exercise ordinary care in the petrofracturing of appellees' oil well.

e. That appellees exercised ordinary care in discharging the part played by them in the operation.